

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES W. DUSHANE, JR., ET AL. | CIVIL ACTION NO. 05-0171 |
| versus | JUDGE HICKS |
| GALLAGHER KAISER CORP., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

**Introduction**

Plaintiff, an employee of General Motors Corporation ("GM"), filed suit against third parties arising out of personal injuries he sustained while working in GM's Shreveport plant. GM, which alleges it is self-insured for worker's compensation liabilities, has filed a **Motion For Leave To Intervene (Doc. 34)** seeking indemnification from Defendants for all amounts paid by GM to Plaintiff under the Louisiana Worker's Compensation Law. In its proposed Complaint of Intervention, GM prays for judgment "against plaintiffs and defendants, apportioning the proceeds of the Judgment in accordance with La. R.S. 23:1101 et seq. to the extent of any payments General Motors Corporation has been forced or may be forced to make relative to any worker's compensation benefits owed and/or to be paid to plaintiff James W. Dushane, Jr."

Two Defendants, Gallagher-Kaiser and St. Paul Guardian Insurance Company, oppose GM's intervention because GM is not diverse from all defendants. They argue that 28 U.S.C. § 1367(b) expressly prohibits the exercise of supplemental jurisdiction over GM's intervention because GM's motion to intervene is filed pursuant to Fed. R. Civ. P. 24, and the exercise of jurisdiction would be inconsistent with the jurisdictional requirements of Section 1332. In reply, GM concedes it is non-diverse from one or more of the Defendants, but it contends it is diverse from Plaintiffs. According to GM, its intervention should be viewed as a derivative claim and an intervention of right, and that it is the citizenship of GM versus Plaintiffs (and not Defendants) which should be considered. GM contends it is not asserting an affirmative claim against Defendants; it is asserting a claim against any proceeds recovered by Plaintiffs.

To resolve this issue, the court must determine whether, in the context of third-party tort suit authorized by Louisiana's Worker's Compensation Law, the court has supplemental jurisdiction over the employer's intervention, when the employer is not diverse from all defendants but is diverse from the plaintiff. After reviewing the briefs and researching the issue, the court invited supplemental briefs on four sub-issues. Doc. 38. Supplemental briefs were filed by Gallagher-Kaiser and St. Paul Guardian Insurance Company (Doc. 42) and GM (Doc. 43).

## Louisiana's Worker's Compensation Law

The court turns first to the right of the employer to intervene under Louisiana state law and the consequences of an employer's failure (or inability) to do so. La. R.S. 23:1032 provides that, except as to intentional acts, worker's compensation is the exclusive remedy to an employee or his dependent for work-related injuries and illnesses. However, when the injury is caused by a third-party tortfeasor, the injured employee may sue that third party for damages, even though the employee has been awarded or may be receiving compensation from his employer for the same injury. La. R.S. 23:1101(A); Senac v. Sandefer, 418 So. 2d 543, 545 (La. 1982). The employer who pays (or is obligated to pay) worker's compensation benefits may also sue the third-party tortfeasor to recover the benefits the employer paid because of the injury. La. R.S. 23:1101(B); Elliot v. Glass, 615 So. 2d 1354, 1356 (La. App. 2 Cir. 1993). If the employer or employee becomes a party plaintiff, by original suit or intervention, and recovers damages against the third-party tortfeasor, the damages shall be apportioned so that the reimbursement claim of the employer shall take precedence over the damages claim of the employee. La. R.S. 23:1103(A)(1). Johnson, Worker's Compensation Law and Practice (4th Ed.) at § 373.

When the employee or the employer/insurer sues the tortfeasor, he must notify the other, who *may* intervene as a party plaintiff in the lawsuit. La. R.S. 23:1102(A). Despite the permissive language of the statute, *Louisiana jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer*

*from bringing a separate suit against a third-party tortfeasor.* Houston General Ins. Co. v. Commercial Union, 649 So. 2d 776, 782 (La. App. 1 Cir. 1994); Roche v. Big Moose Oil Field Truck Service, 381 So. 2d 396, 400 (La. 1980).

Louisiana law also provides for penalties if the employee fails to notify the employer or insurer of any suit brought and provides penalties in the event the employee compromises his claim with a third-party tortfeasor without the written permission of the employer of insurer. La. R.S. 23:1102(B); Aetna Casualty & Surety Co. v. Hanover Insurance Co., 569 So. 2d 1078, 1080-81 (La. App. 3 Cir. 1990). The employee forfeits his right to future compensation and medical benefits; however, the employee can "buy back" his right to future compensation and benefits by paying the employer or insurer the compensation and medical benefits previously paid by the employer to the employee, subject to a ceiling of fifty percent of the amount of the employee's settlement with the tortfeasor. Triche v. Regional Electric and Construction, 671 So. 2d 425, 433 (La. App. 1 Cir. 1995). Once a buy back is effected, the employer is entitled to a dollar for dollar credit of any other amounts paid in compensation, less attorney's fees and costs paid by the employee in prosecution of the third party claim. Id.

If the employer intervenes, and if the employee and the third-party tortfeasor settle their dispute without approval of the employer and the employee fails to reimburse the employer the total amount of compensation and medical benefits paid out of the settlement, the third-party tortfeasor becomes liable to the employer for the full amount of benefits

already paid by the employer to the employee. La. R.S. 23:1102(C).

In summary, both the employee and the employer have a cause of action against the tortfeasor and, if the employee does not sue the tortfeasor, the employer may do so. If the employee files suit, the employer is given the right to intervene. Any judgment against the tortfeasor must reimburse the employer in preference to the claim of the employee. If the employer fails to intervene, he is precluded from filing his own action against the tortfeasor. If the employee fails to give the employer notice of the employee's suit against the tortfeasor, or if the employee and tortfeasor settle without the consent of the employer, the employee forfeits his right to future benefits. If the employer intervenes, and if the tortfeasor fails to obtain the employer's consent to a compromise and the employee fails to reimburse the employer, the tortfeasor is obligated to reimburse the employer. The advantage to the employer of intervening is apparent: *Only by intervening in the employee's lawsuit will the employer's right to reimbursement of benefits already paid be preserved and protected.*

**Rule 24**

Rule 24 of the Federal Rules of Civil Procedure governs situations in which persons not already parties may intervene in existing litigation. The rule divides intervenors into two basic groups: of right intervenors under Rule 24(a) and permissive intervenors under Rule 24(b). Of right intervention is required when (1) a statute of the United States confers an unconditional right to intervene or (2) the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the

disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Permissive intervention may be allowed when (1) a statute of the United States confers a conditional right to intervene or (2) when an applicant's claim or defense and the main action have a common question of law or fact.

Here, no statute of the United States speaks to the employer's right to intervene. However, the employer in this case has a preferential interest in the property (proceeds of any tort recovery) that is the subject of the employee's lawsuit, and the employer is so situated that the outcome of the matter could impede the employer's ability to obtain reimbursement. There is no suggestion by any party that the employer's right to reimbursement will be adequately represented by existing parties. Thus, the employer appears to be an intervenor of right. Several cases decided before the 1990 enactment of 28 U.S.C. § 1367 confirm that a worker's compensation carrier is entitled to intervene of right. See Smith Petroleum Service v. Monsanto Chemical, 420 F.2d 1103, 1114 (5th Cir. 1970)("It has been held that where the state workmen's compensation law permits subrogation of a compensation carrier, the carrier is entitled to intervene as a matter of right.").

**Intervention and Supplemental Jurisdiction**

Prior to the enactment of Section 1367 in 1990, the jurisprudence held that courts had pendent or ancillary jurisdiction to hear claims by intervenors-of-right despite any lack of an independent basis for jurisdiction over the complaint-in-intervention. In the worker's

compensation context, Oglesby v. Cooper Mfg., 144 B.R. 700 (E.D. La. 1992) allowed an intervention by a worker's compensation carrier when there was no diversity of citizenship between the intervenor and the defendant, stating:

> Pacific Marine and LIGA allegedly paid workers' compensation benefits pursuant to Louisiana's Workers' Compensation Law. *See* La.Rev.Stat.Ann. §§ 23:1021-23:1379 (West 1985 & Supp.1992). The Louisiana statutes provide Pacific Marine and LIGA with a right to intervene in this matter. *Id.* §§ 23:1101-23:1103. Thus, pursuant to Rule 24(b), the court finds the intervention herein to be as of right. Thus, it may exercise ancillary jurisdiction over such intervention without diversity between the intervenor LIGA and the Defendant Liberty Mutual.

However, Oglesby was filed prior to 1990, so the limitations on supplemental jurisdiction now found in Section 1367(b) were not yet applicable.

The issue in the instant case is whether the enactment of Section 1367 changes the law to prevent interventions in situations such as this. If this case had not been removed by Defendants to this court, there is little doubt that GM's intervention would have been allowed in state court. La. C.C. P. art. 1091.

In 1990, Congress passed the Judicial Improvements Act, 104 Stat. 5089, which enacted 28 U.S.C. § 1367. Section 1367 provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have *supplemental jurisdiction* over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall *not* have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or *seeking to intervene as plaintiffs under Rule 24* of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332. [Emphasis added.]

Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611 (2005). The last sentence of Section 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties. Id. Section 1367(b), on the other hand, withholds supplemental jurisdiction over the claims of certain plaintiffs proposed to be joined as indispensable parties under Rule 19 or who seek to intervene under Rule 24. Id. See State National Ins. Co. v. Yates, 391 F.3d 577, 579 (5th Cir. 2004).

There are several post-1990 cases that deny intervention by a non-diverse putative intervenor for lack of subject matter jurisdiction. See, e.g., Development Finance Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156 (3rd Cir. 1995); Baker v. Minnesota Mining and Manufacturing, 99 Fed. Appx. 718, 2004 WL 1194134 (6th Cir. 2004); Krueger v. Cartwright, 996 F.2d 928 (7th Cir. 1993); Liberty Mutual Group v. Hillman's Sheet Metal, 168 F.R.D. 90 (D. Maine 1996)(citing cases). However, it does not appear that in those cases

the intervenor's substantive right would be lost if he were not allowed to intervene. *That difference seems especially important here, where GM effectively loses its right of reimbursement unless it is allowed to intervene to assert its right to be paid in preference to Plaintiffs.* It cannot simply file another lawsuit in state court, because as explained above, Louisiana jurisprudence prohibits an employer who failed to intervene from filing a separate action.

That difference was recognized in MCI Telecommunications v. Logan Group, 848 F.Supp. 86 (N.D. Tex. 1994). The putative intervenor argued that it should be considered a defendant, not a plaintiff, and, therefore, complete diversity existed. The court declined to decide the issue based on alignment principles, but instead examined why Section 1367(b) excludes intervening plaintiffs from supplemental jurisdiction. According to the court, ancillary jurisdiction was traditionally exercised when the original claims in an action were supported solely by diversity jurisdiction to adjudicate related state law claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in federal court. Id. at 89. However, parties who *chose* a federal rather than a state forum to assert state law claims were not permitted to use ancillary jurisdiction to circumvent the requirement of complete diversity. Id. Thus, while named plaintiffs were barred from relying on ancillary jurisdiction, so too were parties such as permissive intervenors who voluntarily chose to litigate their claims in the federal forum. Id.

The court found that Section 1367 was intended to continue those established rules.

The court then stated:

> Accordingly, the Court concludes that an intervening 'plaintiff' within the terms of Section 1367(b) is a party who voluntarily chooses to intervene in an ongoing federal action to assert its own affirmative claims. By contrast, non-plaintiff intervenors entitled to supplemental jurisdiction for their claims are those who must intervene to defend or protect interests put in issue by the federal action and likely to be lost without the party's intervention.

In that case, however, the court ultimately decided against intervention because the putative intervenor's complaint consisted of affirmative claims for monetary relief that just as easily could have been brought in a separate state court action.

**GM Is An Intervenor-Plaintiff**

GM's proposed Complaint of Intervention does not assert any affirmative claims for relief against Defendants. Instead, the Complaint provides that

> [i]n the event that there is judgment herein in favor of plaintiffs, there should be judgment herein in favor of intervenor against plaintiffs and defendants, apportioning the proceeds of the Judgment in accordance with La. R.S. 23:1101 et seq. to the extent of any payments General Motors Corporation has been forced or may be forced to make relative to any worker's compensation benefits owed and/or to be paid to plaintiff James W. Dushane, Jr.

Complaint of Intervention, ¶6. If Plaintiffs are successful in this lawsuit, GM simply wants to be paid "off the top."

Gallagher-Kaiser and St. Paul argue in their Supplemental Brief that supplemental

jurisdiction, as described in the MCI case, applies only to those who must intervene on the side of *defendants* to defend or protect an interest put at issue by the federal action and likely to be lost without the party's intervention. Gallagher-Kaiser and St. Paul contend GM is attempting to intervene as a plaintiff and, therefore, supplemental jurisdiction is not available. See Development Finance Corp., supra; Krueger, supra; and Liberty Mutual Group, supra (collecting cases and stating that "the weight of authority supports the conclusion that § 1367(b) precludes the exercise of supplemental jurisdiction over claims by nondiverse plaintiff-intervenors, even as of right under Rule 24(a)").

GM contends otherwise. It argues that its intervention should be viewed as a derivative claim, and that it is the citizenship of GM versus Plaintiffs, not GM versus the other Defendants, which should be considered. According to GM, the nature of its intervention is a claim against any proceeds recovered by Plaintiffs. GM argues its claim is not an affirmative claim against Defendants but, instead, it is essentially a claim to a portion of the Plaintiffs' proceeds.

The determination of GM's status as either a intervenor-plaintiff or intervenor-defendant is paramount, but, in this case, not easily resolved. See "The Federal Supplemental Jurisdiction Statute – A Constitutional and Statutory Analysis," 24 Ariz. St. L. J. 849, 959-960 (1992)("Under § 1367(b) ... the alignment of the intervenor becomes the critical focus of the supplemental jurisdiction analysis.... Because the statute expressly permits supplemental jurisdiction only for intervenors who align as defendants, courts will

be confronted with these difficult questions of party alignment for which there are no clearly delineated answers.").

After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word. The difference here is that the injured employee filed his own suit, thus relegating GM to the status of putative intervenor.

The conclusion that GM should be aligned as an intervenor-plaintiff leads to the inevitable conclusion that this court lacks supplemental jurisdiction over GM's claim. Under Section 1367(b), GM is seeking to intervene as a plaintiff under Rule 24. The statute prohibits such an intervention, "when exercising jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Here, it would be inconsistent with Section 1332 because GM is not diverse from all Defendants.

There are good policy and efficiency arguments why this should not be the law. There is no evidence that GM and Plaintiffs colluded to invoke supplemental jurisdiction to avoid the complete diversity requirement of Section 1332. In fact, this suit was filed by Plaintiffs

in state court and removed here by Defendants. Defendants were entitled to remove this case from state court when they did so, as there was complete diversity of citizenship at that time. And from the standpoint of judicial economy, it makes perfect sense to allow the intervention and keep this case on schedule in this court. But Congress has enacted a statute that governs this issue, and it is not the purview of this court to ignore the plain language of the statute or substitute its judgment for that of Congress with respect to the specific jurisdictional limitation imposed by Congress in Section 1367(b).

**Remand Is Required By Rule 19**

The court now turns to the issue of whether, in the absence of GM, the court should keep this case in federal court or remand it to state court where no known jurisdictional obstacles exist to GM's intervention. The discussion above regarding the Louisiana Worker's Compensation Law shows that GM should be joined as a party if its joinder would not deprive the court of jurisdiction. GM claims an interest relating to the subject matter of the action and is so situated that disposition of the action would impair or impede GM's ability to protect its interest. Rule 19(a); Wright, Miller & Kane, Federal Practice & Procedure, § 1606, p. 36.[1] Defendants concede in their supplemental brief that GM's right to preferential payment will be prejudiced by GM's inability to intervene.

---

[1] Wright, Miller and Kane also collect cases in which it was determined that the employer or worker's compensation insurer was not considered indispensable. Section § 1623 at pp. 375-77, fn. 25. However, it does not appear in those cases that the substantive right of the employer or insurer would be lost by its non-joinder.

Because GM should be joined under Rule 19(a), but cannot be joined due to the jurisdictional limitation imposed in Section 1367(b), the court must determine "whether in equity and good conscious" the lawsuit can go forward without GM or whether the lawsuit should be dismissed. Rule 19(b). Consideration of the relevant factors leads to the conclusion that the case cannot go forward in GM's absence. First, unless allowed to intervene, GM loses its right to reimbursement. Second, the court is unable to lessen or avoid that prejudice through protective measures in the judgment. Third, Plaintiffs will have an adequate remedy because the case can be remanded to state court. In fact, Defendants and GM ask the court to remand the case back to state court where all parties will have an opportunity to litigate their claims.

**Conclusion**

Because this court lacks supplemental jurisdiction over GM's intervention, and because GM's rights will be forever lost if GM is not allowed to intervene, the court finds this case must be remanded to state court. Accordingly, GM's **Motion for Leave to Intervene (Doc. 34)** is **denied**, and this case will be **remanded to state court**. The order will provide for a stay of the remand for an appropriate time to permit the filing of an appeal to the District Judge. If an appeal is taken to the District Judge within that delay, the order of remand shall remain stayed until the appeal is decided by the District Judge. If no timely appeal is filed, the Clerk will remand the action.

Shreveport, Louisiana, this 10th day of August, 2005.

                                      MARK L. HORNSBY  
                                      UNITED STATES MAGISTRATE JUDGE